UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHELSEA IVERSON,

        Plaintiff,

    vs.                                   Case No. 20-cv-13

SKOGEN'S FOODLINER, INC.
d/b/a FESTIVAL FOODS,

        Defendant.

---

### **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

---

Defendant, SKOGEN'S FOODLINER, INC., by its attorneys, Littler Mendelson, P.C., for its Answer to the Complaint of Plaintiff, CHELSEA IVERSON, states as follows:

### **JURISDICTION AND VENUE**

1. *This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.*

**ANSWER:** Defendant admits that Plaintiff purports to bring a claim under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") and that this Court has jurisdiction over this matter, but states that jurisdiction cannot be conferred by admission.

2. *Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.*

**ANSWER:** Defendant admits that venue is proper in this District as Plaintiff worked for Defendant within the territory of the Eastern District of Wisconsin, but denies that Plaintiff has

any claims against Defendant, whatsoever. Defendant denies any remaining allegations in Paragraph 2.

## PARTIES AND COVERAGE

3. *Plaintiff, Chelsea Iverson, is an adult female resident of the State of Wisconsin residing in Outagamie County with an address of 1039 West Spencer Street, Appleton, Wisconsin 54914.*

**ANSWER:** Defendant admits that Plaintiff is an adult female. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3, and therefore denies those allegations.

4. *Defendant, Skogen's Foodliner, Inc. d/b/a Festival Foods, is a Wisconsin corporation with a principal place of business of 3800 Emerald Drive East, Onalaska, Wisconsin 54650.*

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. *Defendant is a supermarket chain.*

**ANSWER:** Defendant admits that it is a Wisconsin-based grocer with multiple locations. Defendant denies any remaining allegations in Paragraph 5.

6. *Defendant is a covered employer for purposes of the FMLA.*

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. *During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.*

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. *During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work at Defendant's "Northland" location, located at 1200 West Northland Avenue, Appleton, Wisconsin 54914.*

**ANSWER:** Defendant admits the allegations in Paragraph 8.

9. *During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.*

**ANSWER:** Defendant admits the allegations in Paragraph 9.

10. *At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.*

**ANSWER:** Defendant denies the allegations in Paragraph 10.

11. *Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.*

**ANSWER:** Defendant admits that Plaintiff did not exhaust the amount of FMLA leave to which she was entitled during any FMLA leave entitlement period. Defendant denies any remaining allegations in Paragraph 11.

12. *Plaintiff exhausted all administrative remedies, filing requirements, and/or satisfied all conditions precedent prior to bringing this action.*

**ANSWER:** Defendant asserts that the allegations in Paragraph 12 are legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## GENERAL ALLEGATIONS

13. *On or about September 10, 2018, Defendant hired Plaintiff into the position of Deli Clerk.*

**ANSWER:** Defendant admits that on or about September 10, 2018, Defendant hired Plaintiff into the position of part-time Deli Clerk.

14. *During Plaintiff's employment with Defendant, Plaintiff reported directly to individuals in the position of Assistant Deli Manager and/or Deli Manager.*

**ANSWER:** Defendant admits that during Plaintiff's employment with Defendant, Plaintiff reported directly to an individual in the position of Deli Manager. Defendant denies the remaining allegations in Paragraph 14.

15. *During Plaintiff's employment with Defendant, Emily Adams was Defendant's Human Resources Manager.*

**ANSWER:** Defendant admits the allegations in Paragraph 15.

16. *In December 2018, Plaintiff had her right eye removed as a result of scar tissue that formed in her eye causing significant vision loss and pain.*

**ANSWER:** Defendant admits that Plaintiff had her right eye removed in December 2018. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16, and therefore denies those allegations.

17. *As a result of the removal of Plaintiff's right eye in December 2018, Plaintiff developed anxiety and depression, which are permanent, mental health conditions that substantially and negatively affect the normal functioning of Plaintiff's brain and Plaintiff's ability to, among other things, eat, sleep, breathe, think, concentrate, communicate and/or interact with others, engage in self-care, perform manual tasks or physical activities, and, at times, work.*

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17, and therefore denies those allegations.

18. *During the year 2019, Plaintiff's anxiety and depression required at least two (2) appointments and treatment visits with her treating health care physicians, and Plaintiff was prescribed (and took) medication to combat the negative effects of her anxiety and depression.*

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and therefore denies those allegations.

19. *At times during the year 2019, Plaintiff's anxiety and depression caused Plaintiff intermittent and/or episodic periods of incapacity.*

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, and therefore denies those allegations.

20. *During the year 2019, Defendant, including but not limited to Adams and individuals in the positions of Assistant Deli Manager and/or Deli Manager at Defendant's "Northland" location, were aware and/or had knowledge of Plaintiff's anxiety and depression.*

**ANSWER:** Defendant denies the allegations in Paragraph 20.

21. *During Plaintiff's employment with Defendant, Defendant contracted with a third-party company, Sun Life Financial, to provide leave-related administration and services, including leave under the FMLA and reasonable accommodations under the Americans with Disabilities Act ("ADA"), to Defendant's employees, including Plaintiff.*

**ANSWER:** Defendant admits the allegations in Paragraph 21.

22.     *In written correspondence dated August 23, 2019, Defendant via Sun Life Financial approved Plaintiff's "leave of absence request" from April 13, 2019 to April 12, 2020 in accordance with Defendant's "Leave Plan(s)" under the "ADA" because of Plaintiff's anxiety and depression as a result of her right eye removal in December 2018 (hereinafter simply, the "August 23, 2019 correspondence").*

**ANSWER:**     Defendant admits that in written correspondence dated August 23, 2019, Defendant via Sun Life Financial approved Plaintiff's intermittent leave beginning on 4/13/19 through 4/12/20 and noted that the applicable leave plan was the "ADA." Defendant affirmatively alleges that the document speaks for itself and is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 22.

23.     *The August 23, 2019 correspondence approved the frequency and duration of Plaintiff's "leave of absence request" from April 13, 2019 to April 12, 2020 as follows: "On an intermittent basis for up to 1 treatment(s) or appointment(s) per week lasting up to 1.5 hour(s) per treatment/appointment and for up to 2 episodic incapacitation(s) per week lasting up to 16 hour(s) per episode."*

**ANSWER:**     Defendant admits that in written correspondence dated August 23, 2019, Defendant via Sun Life Financial approved Plaintiff's intermittent leave beginning on 4/13/19 through 4/12/20 and provided that the "[e]stimated duration of absence" was "[o]n an intermittent basis for up to 1 treatment(s) or appointment(s) per week lasting up to 1.5 hour(s) per treatment/appointment and for up to 2 episodic incapacitation(s) per week lasting up to 16 hour(s) per episode." Defendant affirmatively alleges that the document speaks for itself and is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 23.

24.     *The August 23, 2019 correspondence stated, in part: "In the future, should you become eligible for or regain leave time entitlement under the Family and Medical Leave Act (FMLA) and/or any other applicable leave entitlement, your time off may be counted towards your leave time entitlement under those leave laws."*

**ANSWER:**     Defendant admits the allegations in Paragraph 24 but affirmatively alleges

5

that the document speaks for itself and is the best evidence of its contents.

25. *Between approximately April 13, 2019 and December 30, 2019, Defendant, including but not limited to Adams, received communication(s) and/or correspondence from Plaintiff requesting leave from work at Defendant because of Plaintiff's anxiety and depression.*

**ANSWER:** Defendant admits the allegations in Paragraph 25 but affirmatively alleges that the documents speak for themselves and are the best evidence of their contents.

26. *Between approximately April 13, 2019 and December 30, 2019, Defendant, including but not limited to Adams, knew or was aware that Plaintiff was suffering from a serious health condition that could qualify for FMLA leave.*

**ANSWER:** Defendant denies the allegations in Paragraph 26.

27. *Between approximately April 13, 2019 and December 30, 2019, Defendant did not provide Plaintiff with a "Notice of Eligibility and Rights & Responsibilities" form in accordance with the FMLA.*

**ANSWER:** Defendant denies the allegations in Paragraph 27.

28. *Between approximately April 13, 2019 and December 30, 2019, Defendant did not provide Plaintiff with a "Certification of Health Care Provider Form" in accordance with the FMLA.*

**ANSWER:** Defendant denies the allegations in Paragraph 28.

29. *Between approximately April 13, 2019 and December 30, 2019, Plaintiff properly and timely complied with Defendant's notice policies and practices, including but not limited to communicating and corresponding with Sun Life Financial, when requesting leave from work at Defendant because of her anxiety and depression.*

**ANSWER:** Defendant denies the allegations in Paragraph 29.

30. *Between approximately April 13, 2019 and December 30, 2019, Plaintiff properly and timely complied with Defendant's notice policies and practices, including but not limited to communicating and corresponding with Sun Life Financial, when requesting qualifying leave under the FMLA from work at Defendant because of her own serious health condition.*

**ANSWER:** Defendant denies the allegations in Paragraph 30.

31. *Between approximately April 13, 2019 and December 30, 2019, and despite Plaintiff properly and timely complying with Defendant's notice policies and practices, including but not limited to communicating and corresponding with Sun Life Financial, when requesting leave from work at Defendant because of her anxiety, depression, and/or her own serious health*

*condition, Defendant denied and/or did not grant Plaintiff's leave requests – instead issuing Plaintiff "attendance points" pursuant to its "Company Attendance Policy."*

**ANSWER:** Defendant denies the allegations in Paragraph 31.

32. *On or about December 30, 2019, Defendant terminated Plaintiff's employment because Plaintiff allegedly "…met or exceeded 10 attendance points…" pursuant to Defendant's "Company Attendance Policy."*

**ANSWER:** Defendant admits that Defendant terminated Plaintiff's employment because Plaintiff met or exceeded 10 attendance points pursuant to Defendant's Company Attendance Policy. Defendant denies the remaining allegations in Paragraph 32.

33. *Between approximately April 13, 2019 and December 30, 2019, Defendant issued Plaintiff "attendance points" pursuant to its "Company Attendance Policy" for attendance-related occurrences caused by and/or relating directly to Plaintiff's anxiety and depression, ultimately resulting in and causing Plaintiff's termination of employment from Defendant.*

**ANSWER:** Defendant denies the allegations in Paragraph 33.

34. *Between approximately April 13, 2019 and December 30, 2019, Defendant issued Plaintiff "attendance points" pursuant to its "Company Attendance Policy" for FMLA leave qualifying absences from work at Defendant, ultimately resulting in Defendant's termination of Plaintiff on or about December 30, 2019 pursuant to Defendant's "Company Attendance Policy."*

**ANSWER:** Defendant denies the allegations in Paragraph 34.

35. *Between approximately April 13, 2019 and December 30, 2019, Defendant improperly and unlawfully denied Plaintiff leave for her own serious health condition under the FMLA, resulting in Defendant's termination of Plaintiff on or about December 30, 2019 pursuant to Defendant's "Company Attendance Policy."*

**ANSWER:** Defendant denies the allegations in Paragraph 35.

### FIRST CAUSE OF ACTION – FMLA INTERFERENCE

36. *Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.*

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 35 of the Complaint by reference.

37. *Defendant intentionally interfered with Plaintiff's rights in the terms and conditions of Plaintiff's employment and by terminating Plaintiff's employment in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.*

**ANSWER:** Defendant denies the allegations in Paragraph 37.

38. *As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.*

**ANSWER:** Defendant denies the allegations in Paragraph 38.

## SECOND CAUSE OF ACTION – FMLA RETALIATION

39. *Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.*

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 38 of the Complaint by reference.

40. *Defendant retaliated against Plaintiff in the terms and conditions of Plaintiff's employment and by terminating Plaintiff's employment for exercising her rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.*

**ANSWER:** Defendant denies the allegations in Paragraph 40.

41. *As a result of Defendant's intentional violation of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.*

**ANSWER:** Defendant denies the allegations in Paragraph 41.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred to the extent Plaintiff failed to satisfy the statutory and/or jurisdictional prerequisites to suit and/or to the extent that she seeks to base her claims on events occurring outside the applicable statute of limitations.

2. Plaintiff's claims for damages are barred to the extent that she has failed to make reasonable efforts to mitigate her damages, if any.

3. Plaintiff's claims, if any, for liquidated damages are barred because Defendant has exercised reasonable care and engaged in good faith efforts to comply with the FMLA.

4. To the extent, if any, Defendant is found to have violated the FMLA (which Defendant denies), and without waiving Plaintiff's burden of proof, Defendant's alleged unlawful actions were not willful.

5. Plaintiff's alleged damages, if any, are limited by the specific limitations on damages contained in 29 U.S.C. § 2617(a)(1)(A) and all other statutory limitations on damages.

6. Plaintiff's claims are barred because Plaintiff's exercise of her rights under the law was not the "but for" cause of any adverse employment action.

7. Plaintiff's claims are barred because Plaintiff's exercise of her rights under the law was not a "substantial or motivating factor" in the employer's decision with respect to any adverse employment action.

8. Any act or omissions complained of by Plaintiff were based on reasonable and lawful factors unrelated to Plaintiff's alleged protected activity, and the same actions would have been taken based on legitimate nondiscriminatory grounds regardless of any protected activity.

9. Plaintiff's claims are barred because Defendant did not interfere with Plaintiff seeking to exercise her rights under FMLA, and Plaintiff received all of the leave to which she was entitled.

10. Plaintiff's employment with Defendant was "at-will" and was subject to termination of employment for any legitimate reason or for no reason at all.

11. To the extent any alleged intentional discriminatory conduct was committed by Defendant's agents (which Defendant denies), said conduct was outside the scope of the agent's authority and contrary to Defendant's good faith efforts to comply with federal law.

12. Defendant reserves the right to supplement or amend its Affirmative Defenses as warranted by the facts of the case, including pending the conclusion of further discovery and investigation. Defendant affirmatively states that it will rely upon each and every affirmative defense or other avoidance provided by the Federal Rules of Civil Procedure that may become known during the course of this litigation, including through discovery, trial, or otherwise.

## PRAYER FOR RELIEF BASED ON DEFENDANT'S ANSWER AND DEFENSES

Wherefore, Defendant requests that judgment be granted in its favor and against Plaintiff in the following manner:

1. That the Complaint be dismissed in its entirety;

2. That Plaintiff be ordered to pay Defendant's reasonable attorneys' fees and costs incurred in defending this action.

3. That Defendant be awarded such other relief as the Court may deem appropriate.


Respectfully submitted this 6th day of March, 2020.

                        SKOGEN'S FOODLINER, INC.,

                        By:    /s Sofija Anderson
                                One of Their Attorneys
                                Sofija Anderson (SBN 1041498)
                                Matthew Kurlinski (SBN 1069651)
                                LITTLER MENDELSON, P.C.
                                111 East Kilbourn Avenue, Suite 1000
                                Milwaukee, Wisconsin 53202
                                Telephone: 414.291.5536
                                Facsimile: 414.291.5526
                                svanderson@littler.com
                                mkurlinski@littler.com